UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUSIANA

LARRY BIGELOW, ET AL.

VERSUS

S.T.A.R. CONCRETE PUMPING, INC, ET AL.

CIVIL ACTION

NO. 17-1093-JWD-EWD

**RULING AND ORDER**

Before the court is a Motion for Relief under FRCP 19 (the "Motion")[1] filed by plaintiffs, Larry and Stacy Bigelow ("Plaintiffs"). The Motion is opposed[2] by defendants, S.T.A.R. Concrete Pumping, Inc. ("STAR"), Wesco Insurance Company ("Wesco"), and Tea Unn Conner ("Conner") (collectively, "Defendants"). For the reasons set forth herein, **IT IS HEREBY ORDERED** that the Motion[3] is **DENIED**.[4]

**IT IS FURTHER ORDERED** that Plaintiffs file, within seven (7) days of this Ruling and Order, a comprehensive amended complaint that adequately alleges the domiciles of Plaintiffs and Conner.[5]

**I.      Background**

On October 12, 2017, Plaintiffs filed a Complaint against Defendants for injuries allegedly sustained in a January 5, 2017 automobile accident. Plaintiffs alleged that while traveling "on Pete

---

[1] R. Doc. 15.

[2] R. Doc. 20.

[3] R. Doc. 15.

[4] By this Motion, Plaintiffs ask this Court to consider whether the DOTD should be added as a party to this suit. As such, the relief sought by Plaintiffs is akin to a motion to amend. A motion for leave to amend is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, although the Fifth Circuit has not ruled on the issue, the weight of authority appears to be that motions for leave to amend are generally considered non-dispositive in nature. *See, e.g.*, *Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of La., Inc.*, 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010) (collecting cases). Accordingly, the undersigned issues a Ruling and Order on the Motion.

[5] *See*, n. 8, *infra*.

1

Manena Rd.," "a 2016 Mack CM truck owned by [Star] and operated by its employee, [Conner], struck the driver's side of plaintiff's vehicle after crossing the center of the roadway onto the plaintiff's side while traveling down Pete Manena Rd. in the opposite direction."[6] Per their Complaint, Plaintiffs alleged federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000,[7] exclusive of interest and costs, and that the parties are completely diverse.[8]

On August 10, 2018, Plaintiffs filed the instant Motion.[9] Per the Motion, Plaintiffs assert that the DOTD "is a party required to be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure," and that "joinder of the State of Louisiana is not feasible under Rule 19(b) because said party may be immune for [sic] jurisdiction in this Court or its joinder would deprive the Court of its subject matter jurisdiction in diversity."[10] Because Plaintiffs assert that the DOTD is a party which is required to be joined under Rule 19 but for which joinder is not feasible, Plaintiffs "move the Court pursuant to FRCP 19(b) to determine whether, in equity and good conscience, this action should proceed amount [sic] the existing parties or should be dismissed…."[11] Plaintiffs note that

---

[6] R. Doc. 1, ¶ 4.

[7] Plaintiffs allege in their Complaint that "the amount in controversy exceeds $75,000.00." R. Doc. 1, ¶ 1.

[8] Plaintiffs allege that they are "residents" of Louisiana that that "defendants are citizens of and/or incorporated in and/or have their principal places of business in a state other than Louisiana." R. Doc. 1, ¶ 1. Plaintiffs additionally allege that Conner is a "resident" of Mississippi. R. Doc. 1, ¶ 2. Although citizenship for purposes of diversity is based on domicile rather than residency, *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient."), in light of Plaintiffs' reliance on complete diversity of the parties in their Complaint, and because the instant Motion is premised on Plaintiffs' assertion that DOTD would be a non-diverse party, the undersigned has assumed for purposes of this decision that Plaintiffs are domiciliaries of Louisiana and that Conner is a domiciliary of Mississippi. Plaintiffs' allegations regarding STAR and Wesco are sufficient. *See*, R. Doc. 1, ¶ 2 (alleging STAR is a corporation organized in Texas with its principal place of business in Texas and that Wesco is a corporation organized under the laws of New York with its principal place of business in Texas). Because the citizenship allegations in the Complaint as to Plaintiffs and Conner are not sufficient, the undersigned has ordered Plaintiffs to file an amended complaint adequately alleging the domiciles of Conner and Plaintiffs.

[9] R. Doc. 15.

[10] R. Doc. 1, p. 1.

[11] R. Doc. 1, p. 1.

they have also instituted a separate state court action naming the Defendants herein in addition to the DOTD, but explain that they cannot voluntarily dismiss this suit because of issues related to prescription.[12]

**II. Law and Analysis**

Plaintiffs argue that the DOTD should be joined as a defendant pursuant to FRCP 19. FRCP 19 provides, in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>>
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>>
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>>
>> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
>
> \*\*\*
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed

---

[12] *See*, R. Doc. 15-1, p. 1 & p. 3 (explaining that the main reason Plaintiffs cannot voluntarily dismiss the federal action "is that voluntary dismissal would serve to void the interruption of prescription provided by this litigation.").

3

among the existing parties or should be dismissed. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Analyzing Rule 19 is a "highly-practical, fact-based endeavor...."[13] The Fifth Circuit has explained that "[d]etermining whether to dismiss a case for failure to join an indispensable party requires a two-step inquiry. First the district court must determine whether the party should be added under the requirements of Rule 19(a)."[14] "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after 'an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder.'"[15] Second, "[i]f the necessary party cannot be joined without destroying subject-matter jurisdiction, the court must then determine whether that person is 'indispensable,' that is, whether litigation can be properly pursued without the absent party" based on the factors set out in FRCP 19(b).[16]

---

[13] *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir.2009).

[14] *Id*.

[15] *Id*. (citing *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

[16] *Id*.

Plaintiffs have not met their initial burden of establishing that the DOTD is a necessary party. Plaintiffs do not attach a proposed pleading naming the DOTD as a defendant, and the only substantive information contained in the Motion regarding why the DOTD should be named a defendant is that "[t]he accident occurred in a construction zone which, on information and belief, was supervised by" the DOTD and that "[a]fter consulting with an expert regarding the facts and circumstances of this accident, the plaintiffs believed it was necessary to join the DOTD (and its contractor, once identified)."[17] Plaintiffs assert that the DOTD is a required party "because in their [sic] absence, the Court cannot afford complete relief among the existing parties or because it may leave the plaintiffs subject to a substantial risk of incurring an inconsistent obligation or result in this matter"[18] and hypothesize that "the defendants may utilize an 'empty chair' defense or the trier of fact may ultimately conclude that the DOTD is partially at fault in this matter, and its apportionment of fault may differ from the apportionment of fault in the state proceeding, which results may be difficult to reconcile."[19] Without providing analysis or citation, Plaintiffs contend that "even though the DOTD is a required party, its joinder would deprive the Court of subject-matter jurisdiction because its joinder would destroy diversity. In addition, there are questions related to whether the state is immune from suit in federal court."[20] With respect to whether DOTD is "indispensable," Plaintiffs argue that "they are not aware of any measures by which prejudice could be lessened or avoided," and explain that, although they have filed a state court petition

---

[17] R. Doc. 15-1, p. 1.

[18] R. Doc. 15, p. 2.

[19] R. Doc. 15-1, p. 2. *See also*, R. Doc. 15-1, p. 3 ("the plaintiffs believe that judgment rendered in the DOTD's absence might prejudice the DOTD and the plaintiffs, insofar as separate proceedings in state and federal court might yield inconsistent results, and given the possible inconsistent results, it is questionable whether a judgment rendered in this Court in the absence of the DOTD would be adequate.").

[20] R. Doc. 15-1, p. 2.

against Defendants named herein as well as the DOTD, Plaintiffs cannot voluntarily dismiss their federal suit in light of prescription concerns.[21]

Although Plaintiffs have not attached a proposed pleading adding DOTD as a defendant, in opposition to the Motion, Defendants have attached the state court petition referenced by Plaintiffs, which includes the DOTD as a defendant.[22] In that state court filing, Plaintiffs allege that on the date of the accident, DOTD "had a construction project underway on said road or otherwise in close proximity thereto"[23] and that DOTD was negligent in

> failing to adequately warn drivers of the unsafe conditions of its road and its worksites, failing to properly mark the road, including the lanes of travel, failing to train their [sic] employees, contractors and others for whom they [sic] are legally responsible in proper procedures and techniques, failing to ensure that their [sic] employees, contractors and others for whom they [sic] are legally responsible followed safe and proper procedures, including providing adequate warnings and directions to vehicles traversing their [sic] worksites, and such other actions or inactions as may be shown at the trial of this matter.[24]

As a result of DOTD's negligence, Plaintiffs allege in their state court petition that DOTD and the Defendants named in this action "are liable jointly severally and *in solido*…."[25]

---

[21] R. Doc. 15-1, p. 3 ("Pursuant to FRCP 19(b)(4), the plaintiffs respectfully assert that they would have an adequate remedy if this action is dismissed for nonjoinder, and that is their pending suit in state court. However, the plaintiffs cannot voluntarily dismiss this matter for several reasons. The main reason that plaintiffs cannot voluntarily dismiss this matter (aside from any possible opposition by the current defendants) is that voluntary dismissal would serve to void the interruption of prescription provided by this litigation."). La. C.C. art. 3463 provides that "An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial."). The Louisiana Supreme Court has explained that "[b]ecause interruption is considered never to have occurred, that means the second suit was never interrupted, and it does not matter when the second suit was filed." *Sims v. American Ins. Co.*, 101 So.3d 1, 7 (La. 2012) (explaining that it does not matter whether the second suit is filed before or after voluntary dismissal of the first suit).

[22] R. Doc. 20-1.

[23] R. Doc. 20-1, ¶ 4.

[24] R. Doc. 20-1, ¶ 5.

[25] R. Doc. 20-1, ¶ 3.

The United States Supreme Court has held that joint tortfeasors, as a matter of law, are not Rule 19(a) necessary parties.[26] Where a potential party is not a Rule 19(a) necessary party, "no inquiry under Rule 19(b) is necessary."[27] The Fifth Circuit has explained that "it is well-established that Rule 19 does not require the joinder of joint tortfeasors,"[28] and the Louisiana Supreme Court long ago explained that "joint tort-feasors are solidarily liable and plaintiff may elect to sue any one of them."[29] Here, in light of the allegations against DOTD as set forth in the state court petition, the undersigned finds that Plaintiffs would seek to join the DOTD as a joint tortfeasor with the currently named Defendants.[30] Because joint tortfeasors are not, as a matter of law, Rule 19(a) necessary parties, it is not necessary to analyze the factors set forth in Rule 19(b).[31]

---

[26] *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("Temple contends that it was error to label joint tortfeasors as indispensable parties under Rule 19(b) and to dismiss the lawsuit with prejudice for failure to join those parties. We agree. Synthes does not deny that it, the doctor, and the hospital are potential joint tortfeasors. It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). *See also*, *August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731, 733 (5th Cir. 2005) (unpubl.) (explaining that in *Temple*, the Supreme Court held "that joint tortfeasors are not necessary parties as a matter of law."); *Riggins v. Anheuser-Busch, Inc.*, 1996 297109, at * 2 (E.D. La. May 31, 1996) ("It is apparent from plaintiffs supporting memorandum that the DOTD is an alleged joint tortfeasor. Rule 19 does not require joinder of joint tortfeasors because they are not indispensable parties."). *See also*, 1966 Advisory Committee Notes (noting "settled authorities that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability" and that "[j]oinder of these tortfeasors continues to be regulated by Rule 20.").

[27] *Temple*, 498 U.S. at 8 ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied. As potential joint tortfeasors with Synthes, Dr. LaRocca and the hospital were merely permissive parties.").

[28] *Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987).

[29] *Mullin v. Skains*, 215 So.2d 643, 645 (La. 1968).

[30] *See*, *August*, 135 Fed. Appx. '733, n. 1 (explaining that plaintiffs assert "BGC and TCC are potential joint tortfeasors" and noting plaintiffs allegation that "[i]n their state court complaint, plaintiffs alleged that BGC and TCC jointly own and operate the Treasure Chest Casino, are each responsible for knowingly ignoring a dangerous condition; plaintiffs prayed for a judgment 'jointly, severally, and *in solido*….'"); *McKenzie v. Imperial Fire and Cas. Ins. Co.*, 122 So.3d 42, 48 (La. App. 1 Cir. 2013) ("In both the original and supplemental petition, the plaintiff alleged specific acts (or failures to act) by Sharon Braud and DOTD, that, when taken as true, are sufficient to establish some fault on the part of both Sharon Braud and DOTD for the plaintiff's injuries, thereby making Sharon Braud and DOTD joint tortfeasors. For example, reading both petitions together, the plaintiff alleged that Sharon Braud's negligence in driving her vehicle off of the eastbound lane of the interstate, across the median, and into the westbound lane of the interstate, combined with DOTD's failure to provide an adequate barricade in the median strip of the interstate for the purpose of separating the oncoming lanes of traffic, were the cause of the plaintiff's damages.").

[31] *Temple*, 498 U.S. at 8. At least one court has also considered the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987) when considering whether the DOTD should be joined under Rule 19. In *Riggins v. Anheuser-Busch, Inc.*, Civ. A. No. 95-3393, 1996 WL 297109 (E.D. La. May 31, 1996), plaintiffs filed a diversity

7

### III. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that the Motion for Relief under FRCP 19[32] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs file, within seven (7) days of this Ruling and Order, a comprehensive amended complaint that adequately alleges the domiciles of Plaintiffs and Conner.[33]

Signed in Baton Rouge, Louisiana, on November 15, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

action against Anheuser-Busch after a vehicle driven by an Anheuser-Busch employee struck the plaintiffs' vehicle. Less than three weeks before the federal trial, plaintiffs filed a motion to amend to add the DOTD as a defendant as well as a motion to dismiss for lack of jurisdiction. Citing *Temple*, the district court found that it was apparent from plaintiffs' memorandum that the DOTD was an alleged joint tortfeasor and that "Rule 19 does not require joinder of joint tortfeasors because they are not indispensable parties." 1996 WL 297109, at * 2. The *Riggins* court went on to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id*. (citing *Hensgens*, 833 F.2d at 1182). Here, assuming *arguendo* that consideration of these factors is appropriate, considering the state court proceeding, the undersigned finds that Plaintiffs will not be significantly injured if the DOTD is not joined in the federal proceeding. Without any specific allegations regarding the DOTD or information regarding when Plaintiffs consulted an expert, it is difficult to determine whether Plaintiffs were dilatory in asking this Court to consider the joinder of the DOTD; however, the undersigned assumes that the fact that the accident occurred at or near a construction zone was known to Plaintiffs from the beginning of these proceedings. Further, the lack of specific factual information regarding Plaintiffs' claims against the DOTD makes it difficult for the undersigned to determine whether the purpose of the amendment is to defeat federal jurisdiction. However, the undersigned notes that Plaintiffs indicate they would be amenable to voluntary dismissal of this action if prescription concerns were not present.

[32] R. Doc. 15.

[33] *See*, n. 8, *supra*.