UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUSIANA

LARRY BIGELOW, ET AL.

VERSUS

S.T.A.R. CONCRETE PUMPING, INC, ET AL.

CIVIL ACTION

NO. 17-1093-JWD-EWD

**<u>NOTICE AND ORDER</u>**

On October 12, 2017, Larry and Stacy Bigelow ("Plaintiffs") filed a Complaint against S.T.A.R. Concrete Pumping, Inc. ("STAR"), Wesco Insurance Company ("Wesco"), and Tea Unn Conner ("Conner") (collectively, "Defendants") for injuries allegedly sustained in a January 5, 2017 automobile accident. Plaintiffs allege federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 based on the assertion that the amount in controversy exceeds $75,000,[1] exclusive of interest and costs, and that the parties are completely diverse. On November 21, 2018, Plaintiffs filed an Amended Complaint setting forth sufficient allegations of each parties' citizenship.[2]

On December 6, 2018, Plaintiffs filed an Unopposed Motion for Leave to File Second Amended Complaint (the "Motion for Leave").[3] By their Motion for Leave, Plaintiffs seek to add "additional parties which may be liable unto them, namely Axiall, LLC, Axiall Corporation and/or Lotte Chemical USA Corporation" and assert that the addition of these parties "will not disturb this Court's subject matter jurisdiction."[4] Further, counsel for Plaintiffs "certifies that he has

---

[1] Plaintiffs allege in their Amended Complaint that "the amount in controversy exceeds $75,000.00." R. Doc. 27, ¶ 1.

[2] R. Doc. 27. Plaintiffs allege that they are domiciled in Louisiana, that STAR is a corporation organized under the laws of Texas with its principal place of business in Texas, that Wesco is a New York corporation with its principal place of business in New York, and that Conner is domiciled in Mississippi. R. Doc. 27, ¶¶ 2-3.

[3] R. Doc. 28.

[4] R. Doc. 28, ¶ 4.

1

conferred with counsel for the other defendants herein and there is no objection to the relief sought herein."[5]

Although Plaintiffs' proposed Second Amended Complaint sets forth sufficient allegations of citizenship with respect to Axiall Corporation and Lotte Chemical USA Corporation,[6] with respect to Axiall, LLC – which appears to be a limited liability company – Plaintiffs' allegations are insufficient.[7] While Plaintiffs allege Axiall, LLC's state of organization and principal place of business, Plaintiffs must instead identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[8] The same requirement applies to any member of a limited liability company which is also a limited liability company.[9]

Accordingly,

**IT IS HEREBY ORDERED** that Larry and Stacy Bigelow shall file a Motion to Substitute the proposed Second Amended Complaint with a comprehensive proposed Second

---

[5] R. Doc. 28, ¶ 5.

[6] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Plaintiffs allege that Axiall Corporation is "organized under the laws and statutes of the State of Delaware, with its principal place of business in Houston, Texas" and that Lotte Chemical USA Corporation is "organized under the laws and statutes of the State of Delaware, with its principal place of business in Houston, Texas." R. Doc. 28-2, ¶ 3.

[7] Plaintiffs' proposed Second Amended Complaint alleges that Axiall, LLC is organized under the laws of Delaware. Delaware Code § 8:102(a)(1) provides that the name of a corporation must include "1 of the words 'association,' 'company,' 'corporation,' 'club,' 'foundation,' 'fund,' 'incorporated,' 'institute,' 'society,' 'union,' 'syndicate,' or 'limited,' (or abbreviations thereof, with or without punctuation)...." Conversely, the name of a limited liability company "[s]hall contain the words 'Limited Liability Company' or the abbreviation 'L.L.C.' or the designation 'LLC.'" 6 Del. C. § 18-102. Accordingly, it appears that the name Axiall, LLC can only be a used to designate a limited liability company under the Delaware statutes.

[8] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[9] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

Amended Complaint that adequately alleges the citizenship of Axiall, LLC.  Plaintiffs shall have seven (7) days from this Notice and Order to file the Motion to Substitute.  No further leave of court shall be required to timely file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on December 7, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**